### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| MANUEL VALENTIN CORTEZ, individually and on behalf of all similarly situated persons,<br><br>Plaintiff,<br><br>v.<br><br>GRASS CLIPS, INC.,<br><br>Defendant. | Civil Action No. _____<br><br><br>JURY TRIAL DEMANDED |

### COLLECTIVE ACTION COMPLAINT

Plaintiff Manuel Valentin Cortez ("Plaintiff") brings this collective action on behalf of all current or former non-exempt hourly employees employed by Defendant Grass Clips, Inc. ("Defendant") who worked in excess of forty (40) hours per week at any time beginning three (3) years prior to the filing of this Collective Action Complaint to present and who were not paid at one-and-one-half their regular rate for overtime hours worked. In violation of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and as a regular and routine practice, Defendant willfully failed to pay Plaintiff and similarly situated persons one-and-one-half their regular rate for all hours worked in excess of 40 hours per week. Plaintiff shows the Court as follows:

1

## NATURE OF THE ACTION

1. Plaintiff alleges on behalf of himself and other current and former non-exempt hourly employees who performed landscaping duties and worked for Defendant within the statutory period and who choose to opt into this action pursuant to the FLSA, 29 U.S.C. § 216(b) (the "Collective Action"), that Plaintiff and the persons who opt into the Collective Action are, *inter alia*, entitled to (i) unpaid overtime wages from Defendant for time they worked in excess of 40 hours per week and Defendant failed to pay them at one-and-one-half their regular rate; (ii) liquidated damages; (iii) interest; and (iv) attorneys' fees and costs. Plaintiff's Consent to Join is attached hereto as Exhibit A.

## JURISDICTION AND VENUE

2. This is an action brought under the FLSA for unpaid overtime wages, and other relief authorized by the FLSA. Pursuant to 28 U.S.C. § 1331, this Court has federal question jurisdiction over this Complaint.

3. Pursuant to 28 U.S.C. § 1391 and Local Rule 3.1(B), venue is proper in this Court because the unlawful employment practices described herein were committed within the Atlanta Division of the Northern District of Georgia.

## PARTIES

4. Plaintiff is a resident of the State of Georgia.

5. Plaintiff began working for Defendant in approximately 2016 as a Landscaper and regularly performed landscaping duties.

6. Defendant Grass Clips, Inc. is a for-profit Georgia corporation with its principal place of business in Dekalb County, Georgia, at 6556 Pleasantdale Rd., Doraville, Georgia 30340.

7. Defendant Grass Clips, Inc. may be served with process through its Registered Agent, H. Michael Dever, at 57 Forsyth Street, #1050, Atlanta, Georgia 30303.

8. At all relevant times, Defendant has been, and continues to be, an "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 201 *et seq*.

9. At all relevant times, Defendant has been, and continues to be, an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. § 203(s)(1)(A) because it "has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person."

10. At all relevant times, in the course of Defendant's business operations, Defendant's employees, including Plaintiff, have handled or otherwise used materials that have been moved or produced in interstate commerce.

11. On information and belief, at all relevant times, Defendant has had an annual gross volume of sales made or business done in excess of $500,000.

12. At all relevant times, Defendant has had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

13. At all relevant times, Defendant was an "employer" of Plaintiff and other similarly situated persons as that term is defined by 29 U.S.C. § 203(d).

14. Defendant is governed by and subject to 29 U.S.C. § 207.

## COLLECTIVE ACTION ALLEGATIONS

15. Plaintiff brings this action on behalf of himself and all other similarly situated persons, pursuant to 29 U.S.C. § 216(b).

16. Plaintiff and those similarly situated are persons who were, or are, employed by Defendant as non-exempt hourly employees, who performed landscaping duties – or materially similar work – and who worked in excess of 40 hours per week at any time within three years prior to the filing of this Complaint to present (hereinafter the "FLSA Collective").

17. Most of the members of the FLSA Collective would not be likely to file individual suits because they lack knowledge of their claims, adequate financial resources, and/or access to attorneys.

18. Plaintiff will fairly and adequately protect the interests of the members of the FLSA Collective and has retained counsel who is experienced and competent in the fields of wage and hour law and collective action litigation.

19. Questions of law and fact common to the members of the FLSA Collective predominate over questions that may affect only individual members because Defendant has acted on grounds generally applicable to all members of the FLSA Collective.

## STATEMENT OF FACTS

20. Defendant "offer[s] complete landscape services to commercial and residential clients."

21. Plaintiff worked for Defendant as a Landscaper from approximately 2016 until approximately November 2020 and regularly performed landscaping duties.

22. Throughout the relevant time period, Defendant employed, and employs, non-exempt hourly employees to perform landscaping duties and to

provide lawn care services to their residential and commercial customers (hereinafter the "Non-Exempt Landscapers").

23. Defendant employed Plaintiff as a Non-Exempt Landscaper during the relevant time period.

24. The job duties of Defendant's Non-Exempt Landscapers, including Plaintiff, included: cutting, edging, blowing, weeding, and other similar lawn care services to Defendant's customers.

25. On information and belief, Defendant typically required Plaintiff and other Non-Exempt Landscapers to perform lawn care services for approximately fifteen customers per shift.

26. Defendant employed Plaintiff to work approximately 8–12-hour shifts, with a thirty (30) minute lunch break, at least five (5) days per week.

27. For example, Defendant routinely scheduled Plaintiff to work 6:00 am to 6:00 pm, and oftentimes required him to work later, including until 7:00 pm.

28. Plaintiff regularly worked 50 to 65 hours per workweek, and well in excess of 40 hours per workweek.

29. On information and belief, Defendant employed other Non-Exempt Landscapers to work approximately 8–12-hour shifts, with a 30-minute lunch break, at least 5 days per week.

30. On information and belief, Defendant's other Non-Exempt Landscapers regularly worked in excess of 40 hours per workweek.

31. Defendant knew or should have known that Plaintiff and other Non-Exempt Landscapers regularly worked in excess of 40 hours per workweek.

32. Merely by way of example, Plaintiff worked well in excess of 40 hours per workweek on the pay period beginning December 5, 2019 and was not paid overtime at a rate of one-and-one half his regular rate.  This example is based on a sample paystub in Plaintiff's possession, and he will be able to identify substantially more workweeks in discovery once Defendant's records are produced.

33. From approximately 2016 until late 2019, Defendant paid Plaintiff a regular rate of $18.00 per hour.  Beginning in approximately late 2019, Defendant began paying Plaintiff a regular rate of approximately $23.00 per hour.

34. Defendant regularly, and as a routine policy and practice, failed to pay Plaintiff and other Non-Exempt Landscapers at the overtime rate of one-and-one-half their regular rate of pay for all time worked in excess of 40 hours per workweek.

35. Despite Defendant's knowledge of overtime hours worked by Plaintiff and Non-Exempt Landscapers, Defendant continued their FLSA-Collective-wide practice of failing to pay overtimes wages at the required rate.

36. Defendant required, encouraged, and knowingly permitted Plaintiff and other Non-Exempt Landscapers to work overtime hours, and failed to pay Plaintiff and members of the FLSA Collective required overtime premium pay at the legally required rate when they worked overtime hours.

37. Defendant was, or should have been, aware that the FLSA requires it to pay non-exempt employees overtime wages at a rate of one-and-one half their regular rate of pay for all time worked in excess of 40 hours per workweek.

38. On information and belief, Defendant's unlawful conduct described herein is pursuant to a policy or practice of minimizing labor costs violating the FLSA.

39. Defendant's failure to pay Plaintiff and other Non-Exempt Landscapers overtime wages at the rate required by the FLSA for all time worked in excess of 40 hours per workweek was willful and was not in good faith.

40. As a result of the unlawful acts of Defendant, Plaintiff and members of the FLSA Collective have been deprived of overtime wages in an amount to be determined at trial for all time worked in excess of 40 hours per workweek, and are entitled to recovery of such amounts, liquidated damages, interest, attorneys' fees and costs.

## COUNT ONE
### (Individual FLSA Claim Asserted by Plaintiff)
### Willful Failure to Pay Overtime Wages in Violation of the FLSA

41. At all relevant times, Defendant has been, and continues to be, an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. § 203(s)(1)(A) because it "has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person."

42. On information and belief, at all relevant times, Defendant had an annual gross volume of sales made or business done in excess of $500,000.

43. At all relevant times, Defendant had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

44. At all relevant times, in the course of Defendant's business operations, Defendant's employees, including Plaintiff, have handled or otherwise used materials that have been moved or produced in interstate commerce.

45. At all relevant times, Defendant was an "employer" of Plaintiff and other similarly situated persons as that term is defined by 29 U.S.C. § 203(d).

46. Defendant is governed by and subject to 29 U.S.C. § 207.

47. The overtime wage provisions set forth in the FLSA apply to Defendant and protect Plaintiff.

48. The FLSA requires employers, such as Defendant, to compensate employees, such as Plaintiff, at a rate of one-and-one-half their regular rate of pay for all time worked in excess of 40 hours per week.

49. Plaintiff regularly worked more than 40 hours per workweek during his employment with Defendant.

50. Plaintiff regularly worked 50 to 65 hours per workweek, and well in excess of 40 hours per workweek.

51. Defendant failed to pay Plaintiff at one-and-one-half his regular rate of pay for overtime hours worked.

52. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a). Because Defendant's violations of the FLSA are willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

53. Defendant did not make a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff.

54. Due to Defendant's FLSA violations, Plaintiff is entitled to recover from Defendant (a) unpaid overtime wages for each workweek within the limitations

period; (b) an additional and equal amount of liquidated damages for Defendant's violations of the FLSA; (c) interest; and (d) reasonable attorneys' fees and costs of litigation.

## COUNT TWO
### (Collective FLSA Claim)
### Willful Failure to Pay Overtime Wages in Violation of the FLSA

55. Plaintiff seeks to represent the following collective group of non-exempt employees who Defendant failed to pay all overtime wages due:

> All persons who meet the definition of Non-Exempt Landscapers (defined in Paragraph 22 above) who worked for Defendant within three years prior to the filing of this Complaint to present (the "relevant time period") and worked in excess of 40 hours per week in one or more workweeks.

This is the "FLSA Collective."

56. At all relevant times, Defendant was an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. § 203(s)(1)(A) because it "has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person."

57. At all relevant times, in the course of Defendant's business operations, Defendant's employees, including Plaintiff and the FLSA Collective, have handled

or otherwise used materials that have been moved or produced in interstate commerce.

58. On information and belief, at all relevant times, Defendant has had an annual gross volume of sales made or business done in excess of $500,000.

59. At all relevant times, Defendant has had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

60. At all relevant times, Defendant was an "employer" of Plaintiff and the FLSA Collective as that term is defined by 29 U.S.C. § 203(d).

61. Defendant is governed by and subject to 29 U.S.C. § 207.

62. The overtime wage provisions set forth in the FLSA apply to Defendant and protect Plaintiff and the FLSA Collective.

63. The FLSA requires employers, such as Defendant, to compensate employees such as Plaintiff and members of the FLSA Collective at a rate of one-and-one-half the regular rate of pay for all hours worked in excess of 40 in each workweek.

64. Throughout the relevant time period Defendant required Plaintiff and members of the FLSA Collective to regularly work more than 40 hours per workweek.

65. Defendant regularly, and as a routine policy and practice, failed to pay Plaintiff and other members of the FLSA Collective at the overtime rate of one-and-one-half their regular rate of pay for all time worked in excess of 40 hours per workweek.

66. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a). Because Defendant's violations of the FLSA are willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

67. Defendant did not make a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff and the FLSA Collective.

68. Defendant is liable to Plaintiff and the FLSA Collective for (a) unpaid overtime wages for each workweek within the limitations period; (b) an additional and equal amount of liquidated damages for Defendant's violations of the FLSA; (c) interest; and (d) reasonable attorneys' fees and costs of litigation.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and all members of the FLSA Collective who join this action demand a **TRIAL BY JURY** and the following relief:

a)  Designation of this action as a collective action and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated persons employed by Defendant during the relevant time period, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Join pursuant to 29 U.S.C. § 216(b) and tolling of the statute of limitations;

b)  A declaratory judgment that the Defendant's practices complained of herein are unlawful under the FLSA;

c)  An award of unpaid overtime wages due under the FLSA;

d)  An award of liquidated damages as result of Defendant's failure to pay overtime wages;

e)  An award of prejudgment and post-judgment interest; and

f)  An award of costs and expenses of this action, including reasonable attorneys' and expert fees; and

g)  Such other and further relief as this Court deems just and proper.

Respectfully submitted, this 21st day of February 2022.

*/s/ Justin M. Scott*
Justin M. Scott
Georgia Bar No. 557463
Michael David Forrest
Georgia Bar No. 974300
SCOTT EMPLOYMENT LAW, P.C.
160 Clairemont Avenue
Suite 610
Decatur, Georgia 30030
Telephone: 678.780.4880
Facsimile: 478.575.2590
jscott@scottemploymentlaw.com
mforrest@scottemploymentlaw.com

Counsel for Plaintiff