IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MANUEL VALENTIN CORTEZ,

    Plaintiff,

v.

GRASS CLIPS, INC.,

    Defendant.

CIVIL ACTION NO.
1:22-cv-717-AT

## ORDER

Before the Court is Plaintiff's Motion for Attorneys' Fees and Costs [Doc. 59]. The Court's rulings are set forth below.

### I.  Procedural Background

This FLSA case was filed in 2022 as a putative collective action. (Doc. 1). The Court conditionally certified a collective action at the end of July 2022. (Doc. 20). No other employees opted in. Defendant's then-counsel sought to withdraw from the case in September 2022. (Docs. 21, 22). After some time, and after being advised that it could not proceed in this action without counsel, Defendant retained new counsel. (Docs. 32, 33). The parties conducted discovery and Plaintiff ultimately moved for summary judgment on liability, willfulness, and damages. (Doc. 42). The Court granted Plaintiff's summary judgment motion on May 30, 2024 and found that Plaintiff was entitled to $8,704.24 in damages (inclusive of liquidated damages). (Doc. 54). The parties then advised the Court that they

intended to negotiate attorneys' fees and costs without the need for additional briefing. (Doc. 55). The parties reached an agreement on attorneys' fees on June 26, 2024. (Doc. 57). Plaintiff then filed a Motion for Attorneys' Fees and Costs, seeking the agreed-upon amount of $57,500.00. (Doc. 59).

## II.  Legal Standard

Prevailing FLSA plaintiffs are 'automatically entitled to attorneys' fees and costs.'" *P&k Restaurant Enterprise, LLC v. Jackson*, 758 Fed.App'x. 844, 847 (11th Cir. 2019) (citing *Dale v. Comcast Corp.*, 498 F.3d 1216, 1223 n. 12 (11th Cir. 2007)). The determination of a reasonable attorney's fee is left to the sound discretion of the trial judge after proper application of a lodestar fee analysis. *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983); *Natco, Ltd. P'ship v. Moran Towing of Fla., Inc.*, 267 F.3d 1190, 1196 (11th Cir. 2001) (on appeal, reviewing fee award for abuse of discretion).

The starting point for calculating a reasonable attorneys' fee award is the determination of "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley*, 461 U.S. at 433. The product of this formula is the "lodestar." *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994). The extent of a plaintiff's success may warrant an adjustment of the lodestar fee upward or downward based on the results obtained. *Hensley*, 461 U.S. at 434-440. "A lodestar figure that is based upon a reasonable number of hours spent on a case multiplied by a reasonable hourly rate is itself strongly presumed to be

reasonable." *Resolution Trust Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1150 (11th Cir. 1993).

Plaintiff, as the party seeking an award of fees, bear the burden of demonstrating the reasonableness of the attorney hours worked and the rates claimed. *Hensley*, 461 U.S. at 433; *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1304 (11th Cir. 1988). That burden includes:

> supplying the court with specific and detailed evidence from which the court can determine the reasonable hourly rate. Further, fee counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity. . . . A well-prepared fee petition also would include a summary, grouping the time entries by the nature of the activity or stage of the case.

*ACLU of Ga. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999).

There is no precise rule or formula the Court must follow in determining what is a reasonable fee award. The court may "attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success." *Hensley*, 461 U.S. at 436-437. A Court may not both engage in an hour-by-hour analysis and impose an across-the-board cut. *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1351 (11th Cir. 2008) ("[T]he district court is to apply either method, not both.").

In determining reasonable attorney hours and fees, the Court "is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees." *Norman*, 836 F.2d at 1303 (internal

3

citations omitted). The Court notes that it has significant experience in assessing the reasonableness of fee requests in the employment law context and has reviewed the specific record in this case.

## III. Discussion

The Court understands that the parties have agreed to Plaintiff's requested amount of $57,500.00 in attorneys' fees and costs. The Court also understands that this amount does not represent Plaintiff's counsel's total claimed fees and costs, which counsel represents is $67,829.49. Even so, the Court has an obligation to review the application for attorney's fees and costs and ensure that the requested fee award is reasonable and that the costs are warranted. Having so reviewed, the Court has concerns regarding a few minor issues, discussed below.

Consistent with governing standards, the Court is guided by the lodestar analysis, and so considers the number of attorney hours expended and the reasonable hourly rates. *Hensley*, 461 U.S. at 433. While most of the attorney rates are reasonable and supported, the Court finds, based on its own knowledge and experience, that a billing rate of $315 per hour for a first-year associate is slightly too high. (*See, e.g.*, Billing Records, Doc. 59-2 at ECF 6, 8). Plaintiff's counsel has not established that such a rate is reasonable based on comparable rates in the Atlanta legal community. *See Norman*, 836 F.2d at 1299 (noting that a reasonable hourly rate is the prevailing market rate in relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation). Further, this rate seems high when considering the joint amount of partner and

associate time expended on certain tasks, such as drafting the summary judgment reply brief or preparing the mediation statement. (*See id.* at ECF 14-15, 10-11).

Additionally, the Court has concerns that the overall attorney fee amount includes some portion of time in pursuit of a collective action that never manifested. A court may adjust a fee amount "upward or downward" based on results obtained. *Hensley*, 461 U.S. at 434-440; *Norman*, 836 F.2d at 1302 (explaining that "[i]f the result was partial or limited success, then the lodestar must be reduced to an amount that is not excessive," and noting that the court may identify specific hours spent on unsuccessful endeavors or may reduce the award by some proportion). As this case did not in fact proceed as a collective action, some adjustment is warranted.

Related to the time spent pursuing a collective action that did not pan out, the Court is concerned about the large expense associated with the third-party notice vendor. Through discovery, Plaintiff learned that there were 19 putative collective members. (*See* Joint Statement, Doc. 23 ¶ 4). Plaintiff's counsel retained a third-party notice vendor, CPT Group, to create and send notices to these 19 individuals at a cost of approximately $4,826.20. (*Id.* ¶¶ 5-7). No other individuals joined the lawsuit. (*Id.* ¶ 8). Considering the small putative class size and the ultimate outcome of the notice process, it is not clear that the $4,826.20 was reasonable, or that it is recoverable.

In light of these various concerns – regarding the associate billing rate, the duplicative nature of some work, and the time and expense spent on the collective

5

action component of this case — the Court will, in its discretion, reduce the requested fee amount of $57,500.00 by 8% (i.e., by $4,600.00), resulting in an ultimate award of $52,900.00.[1] The Court believes that this slight reduction is sufficient to address the minor issues discussed above, while also recognizing Plaintiff's counsel's excellent and professional work in litigating this case.

## IV.   Conclusion

Having considered Plaintiff's application for fees in light of the procedural history and particular circumstances of this case, the Court **GRANTS IN PART** Plaintiff's Motion for Attorneys' Fees and Costs [Doc. 59].  The Court **ORDERS** that Defendant shall pay an award of attorneys' fees and costs to Plaintiff's counsel in the amount of **$52,900.00** by the agreed-upon date of **August 15, 2024**. The Clerk is **DIRECTED** to enter judgment and close the case.

**IT IS SO ORDERED** this 31st day of July 2024.

_____
**Honorable Amy Totenberg
United States District Judge**

---

[1] Again, the Court is aware that counsel represents that the total attorneys' fees and costs incurred in this case is $67,829.49. The Court has considered this fact in deciding upon an 8% reduction.